Filed 6/12/15  Bradford v. Van Cleave CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CAROLYN BRADFORD,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MEGHAN LYN VAN CLEAVE,<br><br>    Defendant and Respondent. | G050692<br><br>(Super. Ct. No. RIC10014089)<br><br>O P I N I O N |
| ALLEN BRADFORD,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MEGHAN LYN VAN CLEAVE,<br><br>    Defendant and Respondent. | (Super. Ct. No. RIC10014090) |

Appeal from a judgment of the Superior Court of Riverside County, Ronald L. Taylor, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Law Offices of Zulu Ali, Zulu Ali and Maleha Khan-Avila for Plaintiffs and Appellants.

Bonnie R. Moss & Associates and Bradley R. Blamires for Defendant and Respondent.

\*          \*          \*

## INTRODUCTION

Plaintiffs Carolyn Bradford and Allen Bradford[1] appeal from the judgment entered in favor of defendant Meghan Lyn Van Cleave, following a jury trial of the Bradfords' negligence claims arising out of an automobile accident. The Bradfords contend the trial court erred by denying their oral motion for a continuance of the trial.

We affirm. The appellate record does not show (1) the grounds asserted by the Bradfords to the trial court in seeking a continuance of the trial, (2) their motion satisfied the requirements of rule 3.1332 of the California Rules of Court, or (3) the reason the trial court denied their motion. Even if we were to assume, for the purpose of our analysis, that the trial court erred by denying the motion to continue the trial, the Bradfords have failed to show prejudicial error.

## BACKGROUND

In July 2010, Carolyn filed a form complaint against Van Cleave, alleging that on July 21, 2008, Van Cleave made an unsafe lane change while driving on a highway and negligently collided into the back of the Bradfords' car. Carolyn asserted claims for motor vehicle and general negligence against Van Cleave. Allen separately filed a form complaint containing the same claims and allegations against Van Cleave as asserted by Carolyn.

In her case management statement, Carolyn stated that she had to be treated "due to pain in the pelvic area, both legs, both hands, neck and shoulders." She further

---

[1] We refer to Carolyn Bradford and Allen Bradford individually by their first names for clarity and intend no disrespect; we refer to them collectively as the Bradfords.

2

stated she had incurred about $10,146 in medical expenses. Carolyn also stated, "[c]urrently, Plaintiff suffers symptoms with the hands which go numb on occasion. The right leg gives off an irritation causing an inability to sleep at night."

In his case management statement, Allen asserted that as a result of the accident, he "developed low back pain and right-sided abdominal pain" and has been "diagnosed with abdominal seatbelt contusion, lumbar spine impairment, and cervical spine and had to undergo treatment."

In each of her case management statements, Van Cleave asserted: "This matter arises from a minor rear end vehicle collision that occurred on July 21, 208 [*sic*] at 9:15 p.m. on the southbound I-215 . . . in an unincorporated area of Riverside County. Defendant was cut[]off by another car and hit the plaintiff's car in the rear. There was minor damage. Defendant dispute[s] liability and the nature and extent of Plaintiff's injuries." Van Cleave also stated she would file a motion seeking to consolidate the Bradfords' lawsuits or the "court can consolidate" them because they arose from same accident. The trial court consolidated Carolyn's and Allen's separate lawsuits into the instant action.

At the time the case was set for trial, the Bradfords made an oral motion to continue the trial. Nothing in the record identifies the grounds for the motion. The trial court denied the motion and a jury was selected for trial.

After the Bradfords rested their case, Van Cleave made an oral motion for a partial nonsuit pursuant to Code of Civil Procedure section 581c, subdivision (b). The court granted Van Cleave's partial nonsuit motion "on the basis that plaintiff failed to establish a Prima Facie Case that medical expenses (Past and Future) were 'reasonable' and 'necessary.'"

After Van Cleave rested her case, and before the trial court instructed the jury, the court informed the jury: "Counsel has entered into a stipulation with regard to the traffic collision report that Officer R. Pereida prepared from the California Highway

3

Patrol.  He wrote the following things, among other things, in his report:  [¶] Quote, P1, Van Cleave, related that she was southbound on the I-215 south of Ramona Expressway in the No. 2 lane at 75 miles per hour.  [¶] Second item:  P1 related that she was cut off.  P1 applied her vehicle's brakes and veered to the right in an effort to avoid the vehicle."[2]

The jury returned a special verdict finding Van Cleave was not negligent.  The judgment on the special verdict, entered in Van Cleave's favor, stated in part:  "The jury deliberated and thereafter returned into court with its verdict consisting of the special issues submitted to the jury and the answers given thereto by the jury, which said verdict was in words and figures as follows, to-wit:  [¶] We answer the questions submitted to us as follows:  [¶] 1.  Was Meghan Lyn Van Cleave negligent?  [¶] __ Yes  _X_  No."  (Boldface omitted.)  The Bradfords appealed.

DISCUSSION

The Bradfords solely argue in this appeal that the trial court erred by denying their counsel's oral motion to continue the trial.  For the reasons we will explain, the Bradfords' argument is without merit.

We begin by reviewing "three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error."  (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

The Bradfords failed to provide an adequate record affirmatively proving error.  Our record does not show anything about the Bradfords' motion to continue the trial except the reference in a single minute order that it was oral.  The record does not

---

[2]  The reporter's transcript designated by the Bradfords did not include any witness testimony; the reporter's transcript begins after Van Cleave rested her case.

4

reveal the grounds for the motion that were asserted to the trial court, or the trial court's reasoning for denying the motion.

Rule 3.1332(b) of the California Rules of Court governs motions or applications to continue trial and requires: "A party seeking a continuance of the date set for trial, whether contested or uncontested or stipulated to by the parties, must make the request for a continuance *by a noticed motion or an ex parte application* under the rules in chapter 4 of this division, with supporting declarations. The party must make the motion or application as soon as reasonably practical once the necessity for the continuance is discovered." (Italics added.)

Our record contains neither a noticed motion nor an ex parte application to continue the trial, and does not include any declarations in support of the Bradfords' request for a continuance. The Bradfords do not address their failure to comply with these requirements in their appellate briefs.

Rule 3.1332(c) of the California Rules of Court sets forth the standard for the trial court to determine whether a noticed motion or an ex parte application should be granted, in relevant part, as follows: "Although continuances of trials are disfavored, each request for a continuance must be considered on its own merits. The court may grant a continuance only on an affirmative showing of good cause requiring the continuance. Circumstances that may indicate good cause include: [¶] (1) The unavailability of an essential lay or expert witness because of death, illness, or other excusable circumstances."[3]

---

[3] Rule 3.1332(d) of the California Rules of Court states: "In ruling on a motion or application for continuance, the court must consider all the facts and circumstances that are relevant to the determination. These may include: [¶] (1) The proximity of the trial date; [¶] (2) Whether there was any previous continuance, extension of time, or delay of trial due to any party; [¶] (3) The length of the continuance requested; [¶] (4) The availability of alternative means to address the problem that gave rise to the motion or application for a continuance; [¶] (5) The prejudice that parties or witnesses will suffer as a result of the continuance; [¶] (6) If the case is entitled to a preferential trial setting, the

5

Our record does not reflect the Bradfords made any showing to the trial court of good cause requiring the trial continuance, much less by way of sworn declarations. We thus have no record upon which to evaluate whether the trial court abused its discretion by denying the oral motion to continue the trial, based on the record before it. (See *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246; *Lazarus v. Titmus* (1998) 64 Cal.App.4th 1242, 1249 [whether to continue a trial rests within the sound discretion of the trial court].)

In their opening brief, the Bradfords argue their counsel's oral motion to continue the trial was "based on the unavailability of critical witness, police officer R. Pereyda who wrote the traffic collision report." They argue, "[i]n lieu of the testimony," the above quoted stipulation regarding Van Cleave's statements to Pereida was read to the jury. The Bradfords claim in their opening brief that they had subpoenaed Pereida "to appear for the pre disposition hearing held on October 22, 2012. However, Officer R. Pereyda was scheduled for his vacation time at the time for when trial was reset to October 26, 2012 because Plaintiffs' counsel attempted to subpoena him again for the jury trial and were told the Officer would be out and unavailable for trial at that time. [¶] As a result Plaintiffs' counsel asked for motion to continue trial on October 30, 2012 as counsel discovered the officer was available. [Citations.] The motion was however denied despite the fact counsel only needed a continuance in regards Officer's availability. The officer had appeared before when subpoenaed once before and

reasons for that status and whether the need for a continuance outweighs the need to avoid delay; [¶] (7) The court's calendar and the impact of granting a continuance on other pending trials; [¶] (8) Whether trial counsel is engaged in another trial; [¶] (9) Whether all parties have stipulated to a continuance; [¶] (10) Whether the interests of justice are best served by a continuance, by the trial of the matter, or by imposing conditions on the continuance; and [¶] (11) Any other fact or circumstance relevant to the fair determination of the motion or application." The Bradfords have not provided any analysis of the factors identified in rule 3.1332(c) or (d) of the California Rules of Court in arguing the trial court erred by denying their counsel's oral motion to continue the trial.

6

therefore was not avoiding service but was not available on the day set for trial. Therefore the Officer was unavailable and good cause for a continuance was established."

The Bradfords' assertions regarding Pereida's status as an "essential lay or expert witness" within the meaning of rule 3.1332(c) of the California Rules of Court is without any support in the record. The record does not contain any subpoenas or declarations explaining any attempt by the Bradfords to subpoena Pereida to appear at trial, or otherwise contain information regarding his availability to testify at trial.

Even if we were to assume for the purpose of our analysis that the Bradfords presented to the trial court a properly noticed motion or an ex parte application to continue the trial, supported by declarations, which was brought on the ground of Pereida's unavailability, the Bradfords have failed to show they suffered any prejudice as a result of the court's denial of their request. An appellant must demonstrate prejudice from the trial court's denial of a request to continue the trial. (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1141.)

In their opening brief, the Bradfords argue, "Police officers routinely report to accidents and take down the pertinent facts and even make determinations based upon negligence and fault. The officer who reported at the scene of the accident in the case at hand was Officer R. Pereyda who was not available at the time of trial. The Officer was an expert and would have established causation with regards to defendant's act, which was the critical issue at trial. [¶] Officer R. Pereyda would help establish Defendant actions were outside the norms of ordinary care and skill for the management of her property, car, and brought injury upon the Plaintiffs." (Boldface & underscoring omitted.) Even in their appellate briefs, the Bradfords fail to summarize, other than in the most general terms, the testimony they assert Pereida would have given had he testified at trial.

The Bradfords never designated any expert witnesses, much less Pereida as an expert witness, to testify at trial. As for percipient witness testimony, the jury was provided with Pereida's police report containing Van Cleave's statements to him regarding the circumstances of the accident. The Bradfords fail to describe in any meaningful detail other lay witness testimony that Pereida would have offered at trial. Because the Bradfords did not designate a transcript of trial testimony for the appellate record, we are unable to determine any prejudicial impact of the omission of Pereida's lay witness testimony.

The Bradfords argue that if the trial had been continued to permit Pereida to testify, the trial court would not have granted the partial nonsuit in Van Cleave's favor on the ground the Bradfords failed to establish a prima facie case that their claimed past and future medical expenses were reasonable and necessary. Nothing in the record shows how Pereida's nonexpert, nonmedical witness testimony would have had any effect on the court's ruling on the motion for a partial nonsuit.

DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

8